———————o———————

## No. 5694.

## SWIFT REFRIGERATOR TRANSPORTATION COMPANY vs. INTERNATIONAL MOLASSES COMPANY.

### Syllabus.

1.  Clauses in a contract should not be construed as repugnant, if by any reasonable interpretation they can be reconciled so as to give force and effect to each.

2.  A lessee is entitled to rely upon the lessor's express warranty against vices and defects in the thing leased.

·Appeal from the Civil District Court Parish of Orleans, Division "C," Hon. E. K. Skinner, Judge, No. 89,309.

Hall, Monroe & Lemann, for plaintiff and appellant.

Clegg, Quintero & Gidiere, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff sues for the rent of ten tank cars leased to defendant and the latter sets up a counter-claim for damage to molasses forwarded in two of said cars, alleging the damage to be due to the cars containing traces of lard or oil in violation of plaintiff's agreement that the cars would be free, clean and in good condition. Defendant admitted liability for the difference between plaintiff's claim and its own counter-claim and the Court below sustained its contentions, giving judgment for this difference alone.

It is proved that the cars were not clean when delivered, but plaintiff contends that it is not liable by reason of the following clause in the contract:

"That first party (plaintiff) shall in no wise be responsible for the commodity loaded into or moving in said cars."

To hold that this clause relieved plaintiff of responsibility for damage arising from the unclean condition of the cars would be to render abortive another clause of the contract which expressly obligates it to furnish cars "clean and in good condition." These clauses are capable of being reconciled so as to give effect to both, and it appears to us that the clause in question was intended as a declaration either that plaintiff should not be liable to others for damage arising from the character or nature

— 118 —

of the commodity shipped or that the character of the cars, in quality, material or construction, was not warranted to be suitable as vehicles for the transportation of the commodity which defendant intended to load therein.

Nor is there any merit in the contention that defendant could and should have discovered the presence of the lard or oil before the molasses was loaded upon the cars. The fact is that defendant did not discover it and the contract contains the express stipulation that plaintiff should furnish cars, "clean and in good condition." The defendant was under no duty to inspect, but had a right to presume that plaintiff had fulfilled its obligation.

We are satisfied that plaintiff was fully cognizant of the fact that molasses is ordinarily used for human as well as animal consumption; and consequently there is no merit in its contention that it is not liable on account of its being rendered unfit for a special use, of which it had no previous knowledge or notice.

The defendant has established with the certainty required all the items of its counter-claim and the judgment appears correct in every respect.

It is accordingly ordered that the judgment appealed form be affirmed.

Judgment affirmed.

Opinion and decree February 24. 1913.

Dufour, J. takes no part.

Rehearing refused April 21, 1913.